UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61681-CIV-SINGHAL

VICKI WATERS, as Personal Representative
of the Estate of Brittni A. Muldrew, Deceased, *et al.*,

    Plaintiffs,

v.

CITY OF COCONUT CREEK, *et al.,*

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion to Dismiss Second Amended Complaint and Motion to Strike Certain Damages Claims (DE [70]) filed by Defendants Andrea Calderon ("Calderon"), Alejandro Escobar ("Escobar"), Amanda Cummings ("Cummings"), Arthur Patton ("Patton"), and Ty Morgan ("Morgan") (collectively the "Individual Defendants").

### I.  BACKGROUND

Plaintiff, Vicki Waters ("Waters"), is the personal representative of the Estate of Brittni A. Muldrew. Plaintiffs Vicki Waters, Brienna Muldrew, and Rian Muldrew (the "individual Plaintiffs") are survivors and sue on their own behalf. Plaintiffs seek damages under Florida law and under the federal civil rights statute, 42 U.S.C. § 1983, for the death of Brittni A. Muldrew ("Muldrew") in a police-involved shooting. Defendants are the City of Coconut Creek ("City"), five officers sued in their individual capacities, and five "John Does."

Plaintiffs' claims are set forth in a Second Amended Complaint. (DE [49]). That title is a bit misleading. Plaintiffs filed two Amended Complaints before service of process was

made. *See* (DE [4], [10], [11], and [12]). The operative pleading was filed on January 18, 2024. (DE [49]). The Individual Defendants were only served with the Second Amended Complaint. *See* (DE [60], [61], and [62]).

Plaintiffs sue the Individual Defendants and John Does for Wrongful Death, Fla. Stat. § 768.16 *et seq.* (Counts 1-6), deprivation of Fourth Amendment rights from the use of excessive force, 42 U.S.C. § 1983 (Counts 7-12), and Fourth Amendment failure to intervene (Counts 13-17). Plaintiffs also sue Defendants Patton and Cummings under 42 U.S.C. § 1983 based on "supervisorial responsibility" for violations of Plaintiffs' civil rights.

The Individual Defendants move to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The motion is fully briefed and ripe for review. For the reasons discussed below, the Motion to Dismiss is granted with leave to amend.

## II. LEGAL STANDARDS

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

#### A. Standing

The Individual Defendants move to dismiss the claims of Plaintiffs Vicki Waters, Brienna Muldrew, and Rian Muldrew, individually.[1] The claims of these individuals are properly dismissed.

Under Florida's Wrongful Death Act, only the decedent's personal representative may bring suit. Fla. Stat. § 768.20. "Florida's wrongful death statute focuses on the loss suffered by survivors of the decedent and creates a separate entitlement to damages for each survivor. However, the survivors cannot bring separate legal actions." *Wiggins v. Est. of Wright,* 850 So. 2d 444, 446 (Fla. 2003). Although the survivors are not parties to the suit, "[t]he amounts awarded to each survivor and to the estate shall be stated separately in the verdict." Fla. Stat. § 768.22. Clearly, lawful survivors may recover damages for the wrongful death of a decedent. But the estate is the only party that can file suit. *Wiggins,*

---

[1] The Individual Defendants adopt the standing argument raised by the City of Coconut Creek in its Motion to Dismiss. (DE [66]). The Court granted the City of Coconut Creek's Motion to Dismiss, *see* (DE [82]), but did not address the standing issue.

850 So. 2d at 446. The Individual Plaintiffs are not proper parties to the wrongful death claims. *See Brown v. Seebach,* 763 F. Supp. 574, 580 (S.D. Fla. 1991) (dismissing all claims of decedent's parents).

Furthermore, the Individual Plaintiffs have no standing to raise § 1983 claims on behalf of the decedent. Any claim for constitutional violations must be brought in a representative capacity by her estate. *Walton for Estate of Smith v. Fla. Dept. of Corrections,* 2018 WL 1393520, at *6 (M.D. Fla. Mar. 20, 2018). "[A] § 1983 cause of action, by virtue of the explicit language of the section itself, is a personal action cognizable only by the party whose civil rights had been violated." *Id.* (quoting *Jaco v. Bloechle,* 739 F.2d 239, 242 (6th Cir. 1984)). The Individual Plaintiffs have no standing under either the Florida Wrongful Death Act or 42 U.S.C. § 1983; the individual claims of Vicky Waters, Brienna Muldrew, and Rian Muldrew are dismissed; any damages to be awarded to them as survivors of Brittni Muldrew are to be recovered in a suit brought by the Estate. Fla. Stat. § 768.20.

### B. John Doe Defendants

Plaintiffs have "named" five John Does as Defendants:

> Defendant, JOHN DOES (1-5) ("DOES") were at all times relevant to this Complaint, an employee of the CITY and a police officer of the CCPD. At all times material and relevant to this Complaint, Defendant JOHN DOES 1-5 acted in their individual capacity, under color of state law and with complete authority and ratification of the CITY.

(DE [49] ¶ 16). The DOES are named as Defendants in 3 counts: in Count 6 (Wrongful Death), Count 12 (Fourth Amendment Excessive Force), and Count 17 (Fourth Amendment- Failure to Intervene).

Defendants move to dismiss the claims against the JOHN DOE Defendants. "As a general matter, fictitious-party pleading is not permitted in federal court." *Weiland v. Palm Beach County Sheriff's Office,* 792 F.3d 1313, 1318 (11th Cir. 2015). Plaintiffs argue that

4

the Does' identifies will be revealed through discovery but offer no context from which the names can be identified.

Plaintiffs fail to meet the limited circumstances under which a John Doe can be named in a complaint. Courts will allow "plaintiffs to sue real parties under fictitious names only when use of a 'John Doe' label is, 'at the very worst, surplusage' because the plaintiff's description of the defendant is 'sufficiently clear to allow service of process.'" *Vielma v. Gruler,* 808 Fed. Appx. 872, 880 (11th Cir. 2020) (quoting *Dean v. Barber,* 951 F.2d 1210, 1215-16 & n.6 (11th Cir. 1992)). A description of the John Doe's job title, for example, is sufficient to identify the intended defendant. *Dean,* 951 F.2d at 1215-16 (claim against "Chief Deputy of the Jefferson County Jail John Doe" permitted to stand). But where the complaint provides "only general physical attributes and a title that is held by many individuals," it falls short of enabling a process server to identify an individual. *Vielma,* 808 Fed. Appx. at 880. In this case, Plaintiffs only pled that the John Does are police officers. The Amended Complaint contains no physical description of the JOHN DOES and no specific factual allegations of any action taken by them from which their identities can be determined. This is insufficient and cannot stand. Counts 3, 6, and 12 will be dismissed.

### C. Wrongful Death Act

The Individual Defendants move to dismiss the wrongful death claims (Counts 1 through 5). The Wrongful Death Act right of action states as follows:

> When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or watercraft that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony.

Fla. Stat. § 768.19. The wrongful death claims in the Second Amended Complaint recount the factual allegations about the shooting and then allege the following: "[Defendant] caused the death of Brittni Muldrew intentionally, recklessly, or negligently, in violation of § 768.16, et seq. Fla. Stats., and in violation of § 782.04, Fla. Stats. (Murder) or of § 782.07, Fla. Stats. (Manslaughter)." (DE [49] ¶¶ 69, 74, 79, 84, and 89).

Defendants move to dismiss the wrongful death claims on the ground that Plaintiff does not identify an underlying tort as the basis for the claim. *See Laizure v. Avante at Leesburg, Inc.,* 109 So. 3d 752, 759-61 (Fla. 2013) ("the ability of the estate and heirs to recover is predicated on the decedent's entitlement to maintain an action and recover damages if death had not ensued"). The manslaughter and murder statutes cited by Plaintiff do not create a private cause of action for damages. *Haegele v. Judd,* 2020 WL 1640034, at *3 (M.D. Fla. Apr. 2, 2020).

The wrongful death counts do allege that the Individual Defendants "intentionally, recklessly, or negligently" caused the death of Brittni Muldrew. This verbiage is conclusory and fails to allege the elements of any tort. In her response, Plaintiff argues that "shooting and beating someone is quite obviously assault and battery" and, therefore, underlying torts have been pled. (DE [74], p. 3). But these torts are not pled. The Court will, therefore, grant the Motion to Dismiss Counts 1 through 5, but give Plaintiff leave to amend.[2]

Defendants also argue they are entitled to sovereign immunity from the wrongful death claims. A governmental employee acting within the scope of his employment is immune from suit unless he acted "in bad faith, with malicious purpose, or in a manner

---

[2] In a separate order, the Court granted the City of Coconut Creek's Motion to Dismiss and did not grant Plaintiff leave to amend. Before the Individual Defendants were served with the Summons and Second Amended Complaint, the City of Coconut Creek had moved to dismiss Plaintiff's First Amended Complaint and Plaintiff responded by amending the pleading. Plaintiff was not granted leave to amend a second time. The Individual Defendants are in a different posture because they have only responded to the Second Amended Complaint and were never served with the earlier Complaints.

exhibiting wanton and willful disregard." See Fla. Stat. § 768.28(9)(a). If the government employee is immune, the claimant's sole remedy is against the governmental entity. *Id.* Defendants argue there are no allegations the Individual Defendants acted outside the scope of their employment or in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard.

The Court will deny the motion to dismiss on the sovereign immunity issue without prejudice. Plaintiff has been granted leave to amend the wrongful death counts. If appropriate, the Individual Defendants may raise this ground in response to the Third Amended Complaint.

### D. Excessive Force Claims

Individual Defendants Calderon, Patton, Cummings, and Escobar move to dismiss the excessive force claims in Counts 7 through 10 on the ground that the Second Amended Complaint fails to allege with specificity who shot Muldrew. Defendants also argue that Fourth Amendment claims must be evaluated under an "objective reasonableness" standard and the Second Amended Complaint does not allege facts that would show Defendants' conduct was unreasonable. *See Graham v. Connor,* 490 U.S. 386, 394-95 (1989). The Court disagrees.

Plaintiff alleges that Muldrew was shot 9 times during a traffic stop.[3] (DE [49], ¶ 54). Plaintiff also alleges that Calderon, Patton, Cummings, and Escobar had guns drawn and pointed toward Muldrew. *Id.* ¶¶ 38, 49, 51, and 53. Plaintiff alleges "they open fire on Brittni

---

[3] A plaintiff may, but need not, refer to video in her pleading. When a video is included with the complaint, the court "must construe all ambiguities in the video footage in favor of the plaintiff." *Jackson v. City of Atlanta, Georgia,* 97 F.4th 1343, 1350 (11th Cir. 2024) (quotations omitted). But if the events recorded on the video obviously contradict the plaintiff's alleged facts, the court must "accept the video's depiction instead of the complaint's account." *Id.* The parties briefed the present motion before Plaintiff filed the videos. *See* Notice of Conventional Filing (DE [81]).

7

hitting her with multiple gunshots" and that "[a]t the time when these officers began shooting Brittni none of them were in any danger." *Id.* ¶¶ 54-55.

The Court reads the Second Amended Complaint to allege that all the officers fired shots. Whether the officers' actions were reasonable cannot be determined at this stage. The Court will deny the Motion to Dismiss as to Counts 7 through 10 without prejudice to renew in the event Plaintiff includes video in her Third Amended Complaint.

### E. **Excessive Force Claim against Defendant Morgan**

Defendant Morgan moves to dismiss the excessive force claim against him (Count 11) because the Second Amended Complaint appears to acknowledge that Muldrew was already deceased at the time of Morgan's use of force. According to the Second Amended Complaint, Muldrew was shot, "her body was … removed from the automobile … [and] Morgan approached [the] body with his cold steel telescopic baton drawn and began repeatedly with full force striking Brittni's head with his baton." *Id.* ¶ 57. Morgan argues that the reference to Muldrew's "body" implies that she was already dead when he began beating her head. Once a person is deceased there can be no constitutional violations. *See Whitehurst v. Wright,* 592 F.2d 834, 840 (5th Cir. 1979) ("After death, one is no longer a person within our constitutional and statutory framework and has no rights of which he may be deprived.").

Plaintiff responds that the moment of death has not been determined or proven and, therefore, the constitutional claim for excessive force can proceed. The Court agrees. At this stage, dismissal of the excessive force claim against Morgan is premature.[4]

---

[4] Plaintiff's arguments about mishandling a corpse have no bearing on the constitutional claim of use of excessive force. The Estate has not raised a claim for mishandling a corpse and the Constitution does not encompass protection for corpses.

### F. Failure to Intervene

Counts 13 through 16 allege that Defendants Escobar, Cummings, Patton, and Calderon[5] violated Muldrew's constitutional rights by failing to intervene in and stop Morgan's alleged use of excessive force. Defendants move to dismiss these counts.

"[A]n officer who is present at the scene and fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable for his nonfeasance." *Fundiller v. City of Cooper City,* 777 F.2d 1436, 1442 (11th Cir. 1985). An officer will not be liable for failure to intervene if he did not have a reasonable opportunity to protect the victim. *Riley v. Newton,* 94 F.3d 632, 635 (11th Cir. 1996).

Defendants argue the Second Amended Complaint does not allege sufficient facts to support a claim for failure to intervene because it does not allege facts that would show the Individual Defendants had a reasonable opportunity to protect Muldrew. The issues raised by the Individual Defendants are more appropriately resolved at summary judgment or trial. The Motion to Dismiss Counts 13 through 16 is denied.

### G. Supervisory Liability

In Counts 19 and 20, Plaintiff alleges "supervisory liability" by Defendants Patton and Cummings. Defendants move to dismiss. First, Defendants are unsure whether Counts 19 and 20 are directed against Patton and Cumming or against the City of Coconut Creek. The Court shares that confusion. Indeed, in the Order on the City of Coconut Creek's Motion to Dismiss, the Court construed Counts 19 and 20 as being made against the City. But to the extent these counts are intended to be against Patton and Cummings in their individual capacities, the Court will consider them here.

---

[5] Count 17 alleges the JOHN DOES failed to intervene in Morgan's alleged use of excessive force. The Court dismissed the claims against the JOHN DOES, *infra,* but this analysis applies to Count 17 as well.

Supervisory officials cannot be liable under § 1983 on theories of vicarious responsibility or respondeat superior. *Keith v. DeKalb County, Georgia,* 749 F.3d 1034, 1047 (11th Cir. 2014). "Instead, to hold a supervisor liable a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Id.* A causal connection exists

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy ... result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1048. "[T]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Christmas v. Harris County, Georgia,* 51 F.4th 1348, 1355 (11th Cir. 2022).

The Second Amended Complaint fails to allege any factual basis that would support a claim for supervisory liability against Patton or Cummings: Plaintiff alleges no facts to show that Patton and Cummings were Morgan's supervisors; Plaintiff does not allege that Patton or Cummings participated in any way in Morgan's activities; and Plaintiff does not allege that Patton or Cummings in any way had prior notice of a need to correct Morgan. There are, simply, no allegations that would support individual liability of Patton or Cummings. To the extent they are addressed to Patton and Cummings in their individual capacities, Counts 19 and 20 are dismissed.

### H. Damages

Defendants move to strike Plaintiff's claims for damages, arguing they are insufficiently pled and/or not recoverable under Florida's Wrongful Death Act and Section

1983. Most of Defendants' arguments are moot because the claims made by the individual Plaintiffs have been dismissed. The wrongful death counts simply seek those damages recoverable under the statute, so there are no problems there. Likewise, after dismissal of the Individual Plaintiffs' claims, the § 1983 claims are only brought by the Estate on behalf of Brittni Muldrew. There is no basis for striking the damages claims. If this case were to go to trial, the Court and the parties will address the issue of damages at that time.

### IV.     CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED AND ADJUDGED** that the Individual Defendants' Motion to Dismiss Second Amended Complaint (DE [70]) is **GRANTED IN PART AND DENIED IN PART.** The individual claims of Vicky Waters, Brienna Muldrew, and Ryan Muldrew are **DISMISSED** for lack of standing. The claims against the JOHN DOE Defendants (Counts 6, 12, and 17) are **DISMISSED.** Counts 1 through 5 are **DISMISSED WITH LEAVE TO AMEND.** Counts 19 and 20 are **DISMISSED.** Plaintiff may amend Counts 19 and 20 **ONLY IF** Plaintiff can allege a good faith, non-conclusory, and factual basis for supervisory liability. The remainder of the Motion to Dismiss is **DENIED.** Plaintiff shall file a Third Amended Complaint by **AUGUST 15, 2024.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of August 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF